# In the United States Court of Federal Claims

No. 25-1293
Filed: August 19, 2025

|  |  |
|---|---|
| MARCUS DESHAWN WRIGHT,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

On August 5, 2025, Mr. Wright—who is currently incarcerated in Arizona—filed a complaint in this court regarding the alleged theft of his 2020 economic impact payment. ECF No. 1 at 5–7. He claims that he is entitled to money from the Government to replace his stolen payment. *Id.* at 8. Mr. Wright did not pay his filing fee, nor did he file a motion for leave to proceed in forma pauperis.

Congress determined that a prisoner may not proceed in forma pauperis if he or she has brought three or more cases while incarcerated that were dismissed as "frivolous, malicious, or fail[ing] to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Under this "three strikes" rule, Mr. Wright is barred from proceeding in forma pauperis.

Mr. Wright does not allege that he is in imminent danger of physical injury. He has, however, been a prolific litigator while incarcerated. And several courts, including this one, have recognized that his prior lawsuits that courts dismissed as frivolous bar him from proceeding in forma pauperis. In *Wright v. United States*, Case No. 22-1764 (Fed. Cl.), this court found that Mr. Wright could not proceed in forma pauperis because of at least three prior complaints that courts dismissed as frivolous or for failing to state a claim. Case No. 22-1764, ECF No. 6 at 1–2; *see also Wright v. United States*, No. 24-1234C, 2024 WL 3813535, at *1 (Fed. Cl. Aug. 14, 2024) (recognizing that Mr. Wright may not proceed in forma pauperis under 28 U.S.C. § 1915(g)). Other courts have also reached the same conclusion. *Wright v. United States*, Case No. 5:22-cv-01193-OLG (W.D. Tex. Nov. 9, 2022), ECF No. 4 (dismissing Mr. Wright's complaint under the three strikes rule); *Wright v. Watson*, No. 2:21-cv-00215-JPH-MG, 2021 WL 2915043 (S.D. Ind. July 12, 2021) (denying Mr. Wright's motion for leave to proceed in forma pauperis under the three strikes rule and dismissing the action without prejudice), *appeal dismissed*, No. 21-2361, 2021 WL 6689522 (7th Cir. Oct. 15, 2021); *Wright v.*

*Livingston*, Case No. 4:06-cv-03446 (S.D. Tex. Nov. 22, 2006), ECF No. 8 (dismissing Mr. Wright's action under the three strikes rule and identifying prior dismissals).

Because Mr. Wright has previously filed at least three complaints that were dismissed as frivolous, malicious, or for failure to state a claim, he must pay the full $405 filing fee to proceed with this action. The court orders Plaintiff to pay the $405 filing fee on or before **September 18, 2025**. If Plaintiff does not pay the filing fee by September 18, 2025, the court will dismiss the complaint pursuant to Rule 41.

Finally, the Government's response to the complaint is currently due October 7, 2025. The court hereby extends that deadline to **December 8, 2025**—60 days from the date by which Mr. Wright must pay the filing fee in this case.

It is so ORDERED.

s/ Edward H. Meyers
Edward H. Meyers
Judge
